IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeffrey Temples, | ) | C/A No.: 3:12-34-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jeffrey Temples ("Plaintiff") filed this action on September 13, 2011 in Richland County against the United States Postal Service ("USPS") for nonpayment of an insurance claim for a package allegedly not delivered to China. [Entry #1-1 at 14–26]. The USPS removed the action to federal court on January 4, 2012, on the assertion of federal jurisdiction under 28 U.S.C. § 1442(a)(1), which allows removal to the district court of those actions which name the United States or any agency thereof. [Entry #1].

This matter comes before the court on the following motions: (1) Plaintiff's motion for default judgment [Entry #4]; and (2) USPS's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration.

For the reasons that follow, the undersigned recommends the district court deny Plaintiff's motion for default judgment and grant the USPS's motion to dismiss complaint for failure to exhaust administrative remedies.

I.  Factual and Procedural Background

Plaintiff filed this action to recover damages arising out of the alleged loss of a Priority Mail International parcel Plaintiff sent to China on October 5, 2010 from the Columbia Post Office in Columbia, South Carolina. Plaintiff styles his complaint as one arising out of the Postal Service's "failure to honor the insurance it sells, and profits from, to protect a Consumer from its own failure to deliver a parcel." (Pl.'s Response, Entry #16-1 at 2).

Plaintiff paid $39.25 in postage and purchased separate postal insurance of $10.40, insuring the value of $750. Plaintiff claims that "[u]pon asking questions about deliveries in China and potential problems the counter person told [him] 'You're insured.'" *Id.* at 3. The USPS's records show the package (1) arrived at the International Service Center on October 9, 2010, at ISC Miami, FL (USPS), United States; (2) was processed through the Office of Exchange on October 13, 2010, in Beijing, China; (3) was attempted to be delivered on October 14, 2010; (4) was delivered on October 18, 2010. (Def.'s Motion, Exhibit 1, Decl. of Mike Rodriguez, ¶ 4 (Entry #10-2)).

Subsequently, the USPS's International Inquiry Center sent Plaintiff a letter on January 11, 2011, informing him that the postal service of China had advised USPS that they had no record of delivery for his package. *Id.* at ¶ 5. On January 18, 2011, Plaintiff submitted a Domestic or International Claim, PS Form 1000, related to the package. *Id.* at

¶ 6. On March 10, 2011, the USPS's International Claim Processing Accounting Service Center sent a letter to Plaintiff informing him that the postal service of China advised USPS that the article was properly delivered in accordance with their internal delivery procedures and that his claim was, therefore, denied. The USPS claims the letter stated that Plaintiff could appeal the decision in writing within sixty days (*id.* at ¶ 7), but Plaintiff denies that the letter provided any information about his appeal rights. (Pl.'s Response, Entry #16-1 at 2).

The USPS has no record of an appeal of the decision of the March 10, 2011 letter, and Plaintiff does not contend that he filed an administrative claim with the USPS regarding the allegations set forth in the complaint. He argues only that he should have been advised of the appeal process and that as a pro se plaintiff, he is in a "situation of blindly fumbling [his] way through legal procedures [he is] not equipped to deal with based on improper, incomplete and non-advice" from the Postal Service. (Pl.'s Response, Entry #16-1 at 5).

II.  Discussion

    A.  Motion for Default Judgment

According to his motion for default judgment filed December 21, 2011 in state court, Plaintiff seeks an entry of default judgment against USPS based on its alleged failure to timely file an answer or otherwise plead. [Entry #4]. In his Affidavit of Default sworn on December 21, 2011, Plaintiff indicates he served the complaint on September 14, 2011 by delivering a copy of the summons and complaint to "Postmaster USPS" in care of the United States Post Office at 1600 Assembly St. #442, Columbia, SC 29201.

[Entry #4-1]. The USPS contends it received notice of the action on December 29, 2011. [Entry #1 at 1].

Pursuant to Fed. R. Civ. P. 4(i), to serve the United States or its agency, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i).

Plaintiff's "service" of the summons and complaint on the local post office was not proper. Nevertheless, the USPS acknowledges having received notice of the action on December 29, 2011, and it timely removed the action to federal court, where jurisdiction is proper. The USPS likewise timely filed its motion to dismiss on January 17, 2012. *See* Fed. R. Civ. P. 12(a)(2) (United States agency sued only in an official capacity must serve an answer to a complaint within 60 days after service on the United States Attorney). Accordingly, it is recommended that Plaintiff's motion for an entry of default [Entry #4] be denied.

B.  Standard on Motion to Dismiss

The USPS moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust his administrative remedies. There is some uncertainty as to whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a Rule 12(b)(6) motion for failure to state a claim. In the context of administrative remedies, "the line between Rule 12(b)(1) and a Rule 12(b)(6) motions has become 'indefinable.'" *Laber v. Harvey*, 438 F.3d 404, 434 (4th Cir.2006) (Niemeyer, J. concurring in part and dissenting in part)(*quoting Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) (noting, "[a]s frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action"). Whether under Rule 12(b)(1) or Rule 12(b)(6), Plaintiff's case should be dismissed.

C.  Motion to Dismiss for Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiff's Complaint should be dismissed because, *inter alia*, he has failed to exhaust administrative remedies with respect to his international insurance claim for the package. The undersigned agrees with the USPS that Plaintiff failed to exhaust his administrative remedies and recommends the court grant the USPS's motion to dismiss. Because the undersigned recommends the court grant the USPS's motion to dismiss on exhaustion grounds, the undersigned does not reach the USPS's remaining arguments.

The postal regulations governing international mail indemnity claims and payments are published in the USPS's International Mail Manual ("IMM"). The IMM has been incorporated by reference into the Code of Federal Regulations. *See* 39 C.F.R. § 20.1; *see also id.* § 211.2(a)(2) (establishing that the regulations of the Postal Service consist of the IMM and other manuals).[1] The IMM provides specific procedures for filing a claim, as well as subsequent appeals. *See* USPS, IMM §§ 920, 930 *et seq*. To initiate the claims process, a customer must file a claim for indemnity by submitting "a completed PS Form 2855 with appropriate documentation" to International Claims, St. Louis Accounting Services in St. Louis, Missouri. *Id.* § 931.1; *see also id.* § 931.2 (noting that indemnity claims for international Registered Mail and insured packages are "adjudicated by the St. Louis Accounting Service Center"). The customer may appeal a claims decision by filing a written appeal within 60 days of the date of the original decision. *Id.* § 931.31. If the appeal is denied, the customer may submit another appeal within 60 days "for final review and decision" to the Consumer Advocate of International Claims Appeals in Washington, D.C. "who may waive standards in favor of the customer." *Id.* § 931.32. Before a postal customer may file a lawsuit, he must pursue all of the administrative procedures to conclusion. *Gelbfish v. United States Postal Service*, 51 F. Supp. 2d at 254-55; *Simat v. USPS*, 218 F.Supp.2d 365, 367 (S.D.N.Y. 2002) ( "It is well-established that [postal] claimants must first pursue administrative remedies

---

[1] The applicable IMM is Issue 36. See USPS, Mailing Standards of the USPS, International Mail Manual, Issue 36 (May 11, 2009), available at http://pe.usps.com/IMM_Archive/HTML/IMM_Archive_2009/imm/welcome.htm

before properly seeking relief at the district court.").

The court construes Plaintiff's claim as a contract claim because the USPS has waived sovereign immunity for contract claims. *See* 39 U.S.C. § 401(1). To the extent that Plaintiff's claim could be construed as a tort claim, his claim is barred by the doctrine of sovereign immunity. The United States has explicitly refused to waive its sovereign immunity under the FTCA with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also McBride v. USPS*, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) (noting that sovereign immunity barred tort claim, but not contract claim, against the USPS).

Although the laws and regulations governing the USPS do not themselves expressly require the exhaustion of the administrative claims process for contract claims against the USPS, when an administrative remedy process exists, "the exhaustion requirement may be waived in only the most exceptional circumstances." *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) (internal citations omitted). The doctrine of exhaustion of administrative remedies "protect[s] administrative agency authority and promot[es] judicial efficiency," *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), and ensures that "agencies—and not the federal courts—take primary responsibility for implementing the regulatory programs assigned by Congress." *Ass'n of Flight Attendants—CWA, AFL–CIO v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007) (citing *McCarthy*, 503 U.S. at 145). Plaintiff has established no exceptional circumstances that would warrant waiver of the administrative process. Therefore, Plaintiff must exhaust the USPS's administrative claims process before suing

it in federal court. Other courts have routinely found a plaintiff's failure to exhaust the administrative remedies available under the postal regulations before commencing a lawsuit in district court to be grounds for dismissal. *See, e.g., McBride v. USPS*, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) (dismissing contract claim against the USPS for mishandling of packages because plaintiff failed to exhaust administrative remedies); *Simat*, 218 F.Supp.2d at 368 (dismissing contract action against the USPS alleging the USPS failed to deliver packages based on plaintiff's failure to exhaust administrative remedies); *Breaux v. USPS*, 46 F.Supp.2d 641, 643 (E.D.Tex. 1999) (dismissing complaint seeking refund of Express Mail postage because of plaintiff's failure to exhaust administrative remedies).

While Plaintiff appears to have filed an initial inquiry and international claim, he did not appeal the denial of his claim pursuant to the IMM. His submissions do not constitute exhaustion of the available administrative remedies. Because Plaintiff has not complied, or even alleged that he complied, with the administrative process detailed in the IMM, he has failed to exhaust his administrative remedies, and, therefore, this action should be dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court deny Plaintiff's motion for default judgment [Entry #4] and grant the USPS's motion to dismiss complaint for failure to exhaust administrative remedies [Entry #10].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 8, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).